**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| DUSTIN DYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-921-JAG |
| | ) | |
| SHIRRELLIA SMITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY ORDER
FOR INTERLOCUTORY APPEAL**

As this Court noted in its February 23, 2021, opinion denying the defendants' Motion to Dismiss ("Opinion"), the Supreme Court of the United States has left only a "narrow path to expand *Bivens*." ECF No. 35 at 4. While this Court has chosen "to walk this narrow way" and expand *Bivens* to the new contexts at issue here, *id.*, the defendants ask the Court to certify its impactful decision to the Fourth Circuit. As explained below, the Court's February 23, 2021, order ("Order") denying the defendants' Motion to Dismiss satisfies the criteria set forth in 28 U.S.C. § 1292(b) for interlocutory appeal.

I.    **STANDARD FOR 28 U.S.C. § 1292(B) CERTIFICATION**

A district court may certify an order for interlocutory appeal if the order

- involves a controlling question of law;

- as to which there is substantial ground for difference of opinion; and

- an "immediate appeal from the order may materially advance the ultimate termination of the litigation."

28 U.S.C. § 1292(b).

The defendants recognize these criteria are "strictly construed" and § 1292(b) certification should be used "sparingly."  *United States ex rel. Michaels v. Agape Senior Community, Inc.*, 848 F.3d 330, 340 (4th Cir. 2017). Still, interlocutory review "may be appropriate" where the court of appeals "can quickly and cleanly . . . rule on a pure, controlling question of law without having to delve beyond the surface of the record to determine the facts." *Id.* (quotation modified and internal quotation marks omitted). And if the district court finds the statutory criteria are satisfied, "it has a '*duty* . . . to allow an immediate appeal to be taken.'" *In re Trump*, 928 F.3d 360, 369 (4th Cir. 2019) (vacated on other grounds) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)). A district court "should not hesitate to certify an interlocutory appeal under § 1292(b) when a decision 'involves a new legal question or is of special consequence.'" *Id.* at 369 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009)).

If the criteria are met, a district court must "state in writing" in an order that the elements are met, or "amend its order . . . to include the required permission or statement." 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a)(3).

Because the Court's Order meets these elements and is not otherwise appealable as a final order or one that grants or denies an injunction, *see* 28 U.S.C. §§ 1253, 1291, the defendants request certification under 28 U.S.C. § 1292(b).

## II.    THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW

The issue resolved by the Court is a pure question of law whose answer dictates whether this case can proceed: is the plaintiff's suit for damages permissible under *Bivens*? *See* Opinion at 3; *Vanderklok v. United States*, 868 F.3d 189, 197 (3rd Cir. 2017) (holding that the *Bivens* question before it was "a threshold question of law."). If it is, as the Court has found, the case proceeds. If it is not, the Complaint should be dismissed. In other words, the issue is "controlling." *See Johnson*

*v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (holding that "controlling" in § 1292(b) "means serious to the conduct of the litigation, either practically or legally"); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("[A] question of law is 'controlling' if reversal of the district court's order would terminate the action."); *see generally* 16 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3930 (explaining "controlling" and citing cases). Had this court decided the issue differently, or if the Fourth Circuit were to reverse this Court, the case would be terminated. And for the Fourth Circuit to consider the question, it need not "delve beyond the surface of the record to determine the facts." *Agape Senior Community, Inc.*, 848 F.3d at 340.

The Order, then, presents a controlling question of law fit for § 1292(b) certification.

### III.    THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

There is also "substantial ground for difference of opinion" as to whether *Bivens* provides the plaintiff with a damages remedy. 28 U.S.C. § 1292(b). "A substantial ground for difference of opinion arises only if the disagreement on controlling law exists between courts, not merely parties." *United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, 173 F. Supp. 3d 320, 323 (E.D. Va. 2016). The "substantial ground for disagreement may arise if there is a 'novel and difficult issue of first impression,' or if there is a circuit split and the controlling circuit has not commented on the conflicting issue." *Id.* (quoting *Cooke–Bates v. Bayer Corp.*, No. 3:10cv261, 2010 WL 4789838, *2 (E.D. Va. Nov. 16, 2010)); *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (same). Even in the face of no "directly conflicting" ruling, a district court can certify an appeal that "involves an issue over which reasonable judges might differ" and such "uncertainty provides a credible basis for a difference of opinion" on the issue." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

3

Since the Supreme Court's ruling in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), it appears that only one circuit of the United States Court of Appeals has addressed the specific question before this Court—whether *Bivens* should be expanded to the new context of a claim for damages under the First and Fourth Amendments against TSA agents: the Third. *See Vanderklok*, 868 F.3d at 194 (addressing First Amendment claim against TSA agents arising out of airport screening). The Third Circuit ruled that *Bivens* should not be expanded. *Id.* at 199. Although the Fourth Circuit's three post-*Abbasi* rulings on whether to expand *Bivens* to a new context did not involve the same context as here, the Court declined to expand *Bivens* in each. *See Tun-Cos v. Perrotte*, 922 F.3d 514 (4th Cir. 2019) (Fourth and Fifth Amendments; ICE); *Atkisson v. Holder*, 925 F.3d 606, 621 (4th Cir. 2019) (First and Fourth Amendments; Attorney General and other federal agents); *Doe v. Meron*, 929 F.3d 153, 169-70 (4th Cir. 2019) (Fourth and Fifth Amendments; Department of Defense).

More broadly, the difficulty and novelty of the question here is borne out by the Supreme Court of the United States itself. Addressing the many contexts in which questions of *Bivens* expansion had come before it, the Court stated: "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (citing cases). While the context of First and Fourth Amendment claims against TSA agents has not reached the Supreme Court of the United States, there is a "credible basis for a difference of opinion" on the question. *BP Exploration*, 643 F.3d at 688; *Thermcor, Inc.*, 173 F. Supp. 3d at 323; *compare Linlor v. Polson*, 263 F. Supp. 3d 613 (E.D. Va. 2017) (expanding *Bivens* to TSA defendants), *with Mengert v. U.S. Transp. Security Admin.*, No. 19-cv-304, 2020 WL 7029893 (N.D. Okla. Nov. 30, 2020) (citing *Vanderklok* and refusing to expand *Bivens* to TSA defendants).

IV.   AN IMMEDIATE APPEAL WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS CASE

This element is "closely tied" with the first, whether there is a controlling question of law at hand. 16 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3930. The fact that an issue implicates a controlling question of law often necessarily means it will "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). In answering whether a § 1292(b) certification will "materially advance the ultimate termination of the litigation," the court considers "whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Lynn v. Monarch Recovery Mngmt., Inc.*, 953 F. Supp. 2d 612, 626 (D. Md. 2013) (internal quotation marks omitted). Courts look to whether "early appellate review might avoid protracted and expensive litigation." *Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 3540473, *5 (E.D. Va. June 3, 2015) (internal quotation marks omitted).

Here, because the issue of *Bivens* expansion is determinative of whether the case can proceed at all, an immediate appeal may save the parties the time and expense of protracted litigation. If the Fourth Circuit were to conclude that special factors do exist to counsel hesitation and, therefore, that *Bivens* should not be expanded to cover the new contexts at issue here, the plaintiff's claims would be dismissed.

## CONCLUSION

Whether *Bivens* should be expanded to permit a damages remedy against TSA officials is a question of great significance, and not just to these defendants. Because the Order satisfies the criteria for § 1292(b) interlocutory appeal, and because the question implicates critical domestic and international interests related to airline safety and the rights of passengers, the defendants ask

the Court to grant their motion and certify its Order for appeal by amending its Order to state that

the question of whether the plaintiff has a *Bivens* remedy against the defendants presents a

controlling question of law as to which there is substantial ground for difference of opinion, and

that an immediate appeal from its Order may materially advance the ultimate termination of this

litigation.

Respectfully submitted,

SHIRRELLIA SMITH and NATALIE STATON

By: ___/s/_____
William W. Tunner (VSB #38358)
William D. Prince IV (VSB #77209)
John P. O'Herron (VSB #79357)
*THOMPSON*MCMULLAN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 698-6253
Fax: (804) 780-1813
wtunner@t-mlaw.com
wprince@t-mlaw.com
joherron@t-mlaw.com
*Counsel for Defendants Shirrellia Smith and*
*Natalie Staton*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2021, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following:

Jonathan Corbett, Esquire (admitted *pro hac vice*)
958 N. Western Avenue #765
Hollywood, CA 90029
Tel: (310) 684-3870
Fax: (310) 684-3870
jon@corbettrights.com
*Counsel for Plaintiff*

Dustin W. Dyer, Esquire
9071 W. Broad Street
Henrico, VA 23294
Tel: (804) 377-7247
Fax: (804) 377-7247
dustin@dyerimmigration.com
*Pro Se Attorney – Plaintiff (Local Counsel)*

Brian D. Schmalzbach (VSB #88544)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4746
Fax: (804) 698-2304
bschmalzbach@mcguirewoods.com
*Counsel for Amici Curiae*

Anne L. Doherty (admitted *pro hac vice*)
McGuireWoods LLP
201 N. Tryon Street, Suite 300
Charlotte, NC 28202
Tel: (704) 373-4633
Fax: (704) 343-2300
adoherty@mcguirewoods.com
*Counsel for Amici Curiae*

7

Katherine Mims Crocker (VSB #87430)
William & Mary Law School
P.O. Box 8795
Williamsburg, Virginia 23287-8785
Tel: (757) 221-3758
kmcrocker@wm.edu
*Counsel for Amici Curiae*

By:    /s/
John P. O'Herron (VSB #79357)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 698-6253
Fax: (804) 780-1813
joherron@t-mlaw.com
*Counsel for Defendants Shirrellia Smith and
Natalie Staton*

8