IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DUSTIN DYER,
        Plaintiff,

v.                                                                      Civil Action No. 3:19-cv-921

SHIRRELLIA SMITH, et al.,
        Defendants.

## **ORDER**

This matter comes before the Court on the defendants' unopposed motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (ECF No. 38.) A district court may certify its order for appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). "When a district court determines that the statutory criteria are present, . . . it has a '*duty* . . . to allow an immediate appeal to be taken.'" *In re Trump*, 928 F.3d 360, 369 (4th Cir. 2019) (emphasis in original) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)), *vacated on other ground by In re Trump*, 958 F.3d 274 (4th Cir. 2020).

Here, the defendants ask to appeal this Court's Order that denied the defendants' motion to dismiss. (ECF No. 36.)[1] The defendants, agents of the Transportation Security Administration ("TSA"), moved to dismiss the plaintiff's First and Fourth Amendment claims, both brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court denied the motion, finding no special factors counseled against recognizing implied damages

---

[1] The Court explained this Order in its accompanying Opinion. (ECF No. 35.)

remedies under *Bivens* for either of the plaintiff's claims and qualified immunity did not protect the defendants at the motion to dismiss stage.

This Court's Order denying the defendants' motion to dismiss satisfies § 1292(b)'s criteria. It involves "a controlling question of law as to which there is substantial ground for difference of opinion": whether a *Bivens* action lies against TSA agents for First Amendment violations.[2] The defendants would like to ask the Fourth Circuit a broader question: whether *Bivens* actions lie against TSA agents First *and* Fourth Amendment violations. Regardless of the question's scope, "an immediate appeal from the order may materially advance the ultimate termination of the litigation" either by eliminating—or reducing by half—the plaintiff's causes of action. For these reasons and pursuant to § 1292(b), the Court GRANTS the defendants' motion and certifies for appeal its Order denying the defendants' motion to dismiss.

Date: 24 March 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] *See United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, 173 F. Supp. 3d 320, 323 (E.D. Va. 2016) ("A substantial ground for disagreement may arise if there is a 'novel and difficult issue of first impression,' or if there is a circuit split and the controlling circuit has not commented on the conflicting issue." (quoting *Cooke-Bates v. Bayer Corp.*, No. 3:10cv261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010)); *McFarling v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("[R]esolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.").